IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIRGINIA JARAMILLO, by her guardian,
DESIREE JARAMILLO ZELDA,

          Plaintiffs,

V.                                                   Case No. 13-CV-297 WJ/LFG

DR. DANILE MCCOMBS, Ph.D.,
JOHN and JANE DOES, 1-16, employees of NMBHI,
DR. ALISSA KRAISOSKY, M.D., and
NEW MEXICO BEHAVIORAL HEALTH INSTITUTE,

          Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT DR. ALISSA KRAISOSKY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

THIS MATTER comes before the Court on Defendant Dr. Alissa Kraisosky's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim **(doc. 5)**, filed June 4, 2013. The Court finds that Defendant's motion is well taken and shall be **GRANTED**.

Plaintiff alleges that she was illegally detained in the New Mexico Behavioral Health Institute ("NMBHI") and that this detention caused her to suffer federal civil rights violations. Defendant Kraisosky was the lead psychiatrist at NMBHI during Plaintiff's detention, and Plaintiff has filed claims against Dr. Kraisosky in her official capacity, for injunctive relief, and in her personal capacity, seeking monetary damages for violation of Plaintiff's federal due process rights under 42 U.S.C. § 1983.

Dr. Kraisosky now asks this Court to dismiss the claims against her on the grounds that (1) she is not a "person" who may be sued for monetary damages in her official capacity under

§ 1983, and (2) Plaintiff has failed to state a viable § 1983 claim against Dr. Kraisosky by failing to allege that she participated in or caused Plaintiff's alleged detention in any way.

Plaintiff argues that the Complaint did not assert claims for monetary relief against Dr. Kraisosky in her official capacity, only in her individual capacity.  Therefore, Plaintiff contends that the only claim against Kraisosky in her official capacity is a demand for injunctive relief, which is proper.  The Court agrees, and finds that to the extent the complaint seeks monetary relief against Dr. Kraisosky, such relief is only available against her in her individual capacity. *See Edelman v. Jordan*, 415 U.S. 651, 655 (1974) (monetary recovery against state officer is barred by the Eleventh Amendment); *Green v. Mansour*, 474 U.S. 64, 68, (1985) (injunctive relief against state officer not barred by the Eleventh Amendment).

Plaintiff concedes, however, that the Complaint does not allege any personal involvement by Dr. Kraisosky as required to hold her individually liable for a constitutional violation under § 1983.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-1263 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim,"); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (same); *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (supervisory liability under § 1983 requires "an affirmative link" between the constitutional deprivation and the supervisor's "personal participation, . . . exercise of control or direction, or . . . failure to supervise").  Thus, they agree with Dr. Kraisosky that the appropriate outcome of this motion is to dismiss without prejudice all claims against Dr. Kraisosky except the claim of injunctive relief made against her in her official capacity.  The Court concurs.

Accordingly, the Court hereby **GRANTS** Defendant Dr. Alissa Kraisosky's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (**doc. 5**), and dismisses without

2

prejudice all claims against Dr. Kraisosky in her individual capacity.  Plaintiff's claim for injunctive relief against Dr. Kraisosky in her official capacity remains.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE